DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Fulton County Court of Common Pleas, Juvenile Division, that terminated the parental rights of appellants, Melissa G. and John P., and awarded permanent custody of their child, Kaylee P., to the Fulton County Department of Job and Family Services. For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} Kaylee P. was born February 6, 2002. On April 17, 2002, relatives took Kaylee to the hospital after they noticed bruises on her body. Kaylee was found to have a broken femur, two broken ribs and multiple bruises over the rest of her body. On that same day, appellee sought and was granted an ex parte order of emergency custody of Kaylee. The following day, the Fulton County Department of Job and Family Services ("appellee") filed a complaint alleging that Kaylee was an abused and dependent child. On April 29, 2002, appellant, Melissa G. ("Mother"), and appellant, John P. ("Father"), entered admissions that Kaylee was an abused child and on June 5, 2002, the trial court awarded appellee temporary custody of Kaylee. Both Mother and Father consented to psychological evaluations to be used by the court. On March 14, 2003, appellee filed a motion for permanent custody of Kaylee and a hearing was held on the motion on October 29 and 30, 2003, and December 17, 2003. Appellee presented the testimony of two caseworkers, two therapists, the police officer who investigated the reports of abuse, a psychologist who evaluated both appellants, and a physician who specialized in child abuse and neglect. Appellants presented the testimony of another psychologist who tested and evaluated both of them. The record also contains the report and recommendation of Kaylee's guardian ad litem.
 {¶ 3} By judgment entry filed March 15, 2004, the trial court found clear and convincing evidence that granting appellee's motion for permanent custody was in Kaylee's best interest. In reaching that decision, the trial court engaged in the analysis required by R.C. 2151.414(D)(1) through (5) and found that: Kaylee was doing well in her current placement and had received no further injuries since being removed from her parents' custody; Kaylee's younger sister Lauren, appellants' second child, recently had been placed in the permanent custody of the Lucas County Children Services Board; appellants had initiated counseling but had not successfully completed the same; Kaylee's guardian ad litem had recommended that permanent custody be awarded to appellee; Kaylee had been in the temporary custody of appellee for nearly 23 consecutive months; the only way to insure that Kaylee would not be subject to additional severe injury would be through a grant of permanent custody to appellee; appellant Father admitted that he covered Kaylee's mouth to keep her from crying, that he showered with her and dropped her and that he caused bruises on her body; the parents had a chaotic lifestyle with a lack of consistent or stable living arrangements and that, as of the date of the hearing, both parents were unemployed. The trial court also considered both parents' psychological profiles. The trial court further found that there was clear and convincing evidence that Kaylee could not be placed with either parent within a reasonable time or should not be placed with either of her parents, and that appellee had made reasonable efforts to prevent Kaylee's removal from the home. It is from that judgment that appellants appeal.
 {¶ 4} In support of her appeal, appellant Mother presents the following assignment of error:
 {¶ 5} "The trial court erred in terminating the parental rights of Melissa [G.] regarding her minor daughter Kaylee [P.] based upon Ohio Revised Code, Section 2151.414."
 {¶ 6} Mother asserts that she was doing everything she could to follow through with appellee's recommendations for facilitating reunification. She further asserts that the testimony showed that appellee was not doing all it could to reunite Mother with her child.
 {¶ 7} In granting a motion for permanent custody, the trial court must find that there is clear and convincing evidence that one or more of the conditions listed in R.C. 2151.414(E) exists as to each of the child's parents. If, after considering all the relevant evidence, the court determines, by clear and convincing evidence, that one or more of those conditions exists, the court can and must enter a finding that the child cannot be placed with either of his or her parents within a reasonable time or should not be placed with either parent. R.C. 2151.414(B)(1). Further, pursuant to R.C. 2151.414(D), a juvenile court must consider the best interest of the child by examining factors relevant to that case. Only if these findings are supported by clear and convincing evidence, can a juvenile court terminate the rights of a natural parent and award permanent custody of a child to a children services agency. In re William S. (1996),75 Ohio St.3d 95. Clear and convincing evidence is evidence sufficient to produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 8} Pursuant to R.C. 2151.414(B)(1), a court may grant permanent custody of a child to a movant if the court determines by clear and convincing evidence that it is in the best interest of the child to do so and that one of four specified circumstances apply. In the case before us, R.C.2151.414(B)(1)(d) is clearly relevant, as it states that "* * * the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999." On April 17, 2002, Kaylee was removed from the custody of her parents as a result of an ex parte emergency order filed on April 18, 2002, and placed in the temporary custody of appellee. On April 29, 2002, Kaylee was adjudicated an abused child. At the time of the trial court's March 15, 2004 judgment awarding permanent custody to appellee, Kaylee had been in the temporary custody of appellee for approximately 23 months. Pursuant to R.C. 2151.414(B)(1), then, the only other consideration to be made by the trial court was whether granting permanent custody to appellee was in Kaylee's best interest. Upon review of the record, this court finds that the trial court thoroughly considered the particular facts of this case as they relate to Kaylee's best interest. Pursuant to R.C. 2151.414(D)(3), one of the relevant factors to be considered by the trial court in determining the best interest of the child is the child's custodial history, as set forth under R.C.2151.414(B)(1)(d). Further, R.C. 2151.414(D) directs the trial court to consider whether any of the factors in divisions (E)(7) to (11) apply. In the case before us, paragraph 11 is clearly relevant, as it allows the trial court to consider whether the parent has had parental rights involuntarily terminated pursuant to that section with respect to a sibling of the child. In this case, the trial court found that Kaylee's younger sister, Lauren, had been placed in the permanent custody of the Lucas County Children Services Board in August 2003.
 {¶ 9} Upon review of the record, this court finds that the trial court thoroughly considered the evidence presented as it related to Kaylee's best interest and properly applied the relevant law as set forth above. Accordingly, this court finds that the trial court did not err by terminating appellant Melissa G.'s parental rights. Appellant Melissa G.'s sole assignment of error is not well-taken.
 {¶ 10} Appellant John P. sets forth the following assignments of error:
 {¶ 11} "I. The trial court erred in denying Appellant's motion in limine and allowing and considering the testimony of Dr. Wayne Graves and the introduction of evidence that was hearsay and inadmissible under Rules 703 and 801.
 {¶ 12} "II. The court erred in allowing Dr. Wayne Graves testimony when said testify [sic] did not conform to the requirements of Daubert and the Rules of Evidence."
 {¶ 13} In support of his first assignment of error, appellant Father argues that the trial court should not have allowed the testimony of Dr. Graves, the psychologist who evaluated both appellants, because in making his evaluation the doctor relied on numerous records that were either not admitted into evidence or were objected to as hearsay. We note preliminarily that Father also asserts that the trial court erred in denying his motion in limine, although there is no evidence in the record that such a motion was filed, or any mention of a motion in limine in the transcript of the permanent custody hearing. That argument, therefore, has no merit.
 {¶ 14} As to Father's argument regarding the admissibility of Dr. Graves' report and other documents, this court addressed the same issue in appellants' appeal from the judgment of the Lucas County Court of Common Pleas, Juvenile Division, which awarded permanent custody of their child Lauren P. to the Lucas County Children Services Board. See In the matter of: Lauren P., 6th Dist. No. L-03-1252, 2004-Ohio-1656. As to Dr. Graves' testimony regarding his psychological evaluation of Father and his opinion of Father's ability to parent Kaylee, appellant asserts the same arguments as those presented in his appeal from the trial court's decision in Lauren P., supra. Father again argues that Dr. Graves' testimony and opinion were invalid because most of the records on which the psychologist relied in forming his opinion were not admitted into evidence. We note that Father did not object at trial to Dr. Graves testifying and find that he therefore waived any argument on appeal as to the trial court allowing the psychologist to testify. Appellant also claims that some of the documents admitted in evidence were privileged but does not specify which ones might have fallen into that category. This argument also is without merit. The gist of appellant's argument in support of his first assignment of error is the general claim that Dr. Graves' testimony as a whole should not have been allowed. As we stated above, this argument was raised and ruled on by this court in Lauren P., supra., when appellants appealed the termination of their parental rights as to Kaylee's younger sister. In Lauren P., we found that the trial court did not err by allowing Dr. Graves' testimony as to his evaluations of Mother and Father, that appellee in that case presented sufficient evidence to support the reliability of their expert's opinions, and that the rules of evidence were satisfied. In this case, Dr. Graves testified as to the same evaluations and opinions as those offered in Lauren P., supra. We again find that the trial court did not err by allowing Dr. Graves' testimony. Based on all of the foregoing, this court finds Father's first assignment of error not well-taken.
 {¶ 15} In support of his second assignment of error, Father argues that Dr. Graves did not provide him with any of the testing materials or videotapes to enable him to have the validity of the psychologist's opinions reviewed by his own expert. Appellant does not claim, however, that he ever requested any of those materials and there is no indication in the record that he made such a request, either before or during the permanent custody hearing. Further, the record shows that a copy of Dr. Graves' report was filed with the court on December 13, 2002, and that copies were sent to counsel for both parents as well as to the guardian ad litem and case worker.
 {¶ 16} Appellant Father states that Dr. Graves' testimony did not comply with the requirements of Daubert v. Merrell DowPharmaceuticals, Inc. (1993), 509 U.S. 579, but does not present any argument in support of this claim. Again, this court considered this same issue in Father's appeal from the termination of his parental rights as to Kaylee's sister, Lauren. In Lauren, P., supra, this court noted that the United States Supreme Court in Daubert held that, pursuant to Evid.R. 702, scientific testimony is admissible if it is reliable and relevant to the task at hand Daubert at 589. Daubert listed several factors to be considered in evaluating the reliability of scientific evidence, but stated that although the factors may aid in determining reliability, the inquiry is flexible. Daubert at 594. The Ohio Supreme Court reached a similar conclusion inState v. Williams (1983), 4 Ohio St.3d 53, endorsing a flexible standard. Id. at 56-57. Dr. Graves' testimony in this case was essentially the same as that in Lauren P. and was in fact based on the same evaluations and opinions as to both parents. Dr. Graves testified as to the theories underlying the tests he administered to Mother and Father. He also testified that all of the tests have been subject to peer review over the years, that the margins of error for the tests were considered to be small, and that the tests were generally accepted in the scientific field of psychology as part of determining an individual's parenting capabilities. Dr. Graves further testified that the conclusions he reached after administering various psychological tests were integrated with other clinical data gathered during interviews with appellants. Based on the foregoing, we find that the trial court did not err in allowing Dr. Graves to testify and, accordingly, Father's second assignment of error is not well-taken.
 {¶ 17} Upon consideration whereof, the judgment of the Fulton County Court of Common Pleas, Juvenile Division, is affirmed. Costs of this appeal are assessed equally to appellants.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper, Pietrykowski, J., Lanzinger, J., Concur.